# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Harris, | C/A No. 1:19-cv-0706-JFA-SVH |
| Petitioner, | |
| vs. | **ORDER** |
| Bureau of Prisons, | |
| Respondent. | |

**I.       INTRODUCTION**

The *pro se* petitioner, Randy Harris ("Petitioner"), initially commenced this action as a petition for a writ of mandamus, but has since refiled as a petition for habeas corpus under 28 U.S.C. § 2241. (ECF No. 7). Petitioner is an inmate in the Federal Correctional Institution Williamsburg in Salters, South Carolina, in the custody of the Bureau of Prisons ("BOP") and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

After reviewing the petition, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without prejudice and without service of process. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on May 8, 2019. (ECF No. 14). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. DISCUSSION

Petitioner seeks to enforce a provision of the First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018) ("First Step Act" or the "Act") which mandates awarding a full 54 days per year of good conduct time instead of the 47 days customarily awarded by the BOP. The Magistrate Judge acknowledged that Section 102(b)(1) of the First Step Act amends 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the inmate's sentence, but goes on to state that this provision has yet to take effect.

As an initial matter, Petitioner's objections appear to be some sort of form objections with particular blanks filled in by Petitioner. The Court notes that these exact same objections have been received in other cases. *See, e.g.*, *McColley v. Bureau of Prisons*, Civil Action No. 5:19-704, ECF No. 22; *McCullough v. Warden of FCI Williamsburg*, Civil Action No. 8:19-630, ECF No. 17; *White v. Bureau of Prisons*, Civil Action No. 9:19-00762, ECF No. 13.

Within these objections, Petitioner argues that he has presented facts which would warrant the excusal of the exhaustion requirement of § 2241. However, the Report never references the exhaustion requirement of § 2241 and instead states that the provision Petitioner seeks to enforce has yet to take effect. These form objections also state that the BOP's delayed implementation of the First Step Act's good time credits violates due process of law and the rules of statutory construction. Petitioner cites *United States v. Walker*, Cr. No. 3:10-00298-RRB-1 (D.Or. Feb. 7, 2019), in support of this contention. However, the Magistrate Judge correctly determined that Petitioner's reliance on *Walker* is without merit as that court granted relief "without a final determination on the merits" based on that court's concern with "the equities of the situation." *Id.* Thus, Petitioner's objections are a mere rehashing of his original argument and show no error in the Report.

After further review of the Report, the Court finds that the Magistrate Judge thoroughly considered Petitioner's arguments and that Petitioner's objections fail to point to any legal or factual error in the Magistrate Judge's analysis sufficient to alter the Magistrate Judge's findings and recommendations.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objection thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. This Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by

4

reference. (ECF No. 11). Accordingly, the petition (ECF No. 7) is dismissed without prejudice and without service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

October 2, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."